Jeffrey Weston Shields (2948)
Jerome Romero (5139)
Troy J. Aramburu (10444)
**JONES WALDO HOLBROOK & McDONOUGH**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone: (801) 521-3200
Facsimile:  (801) 328-0537
Email: jshields@joneswaldo.com
        jromero@joneswaldo.com
        taramburu@joneswaldo.com

Peter W. Billings (0330)
Douglas J. Payne (4113)
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
Telephone: (801) 531-8900
Facsimile:  (801) 596-2814
Email: pbillings@fabianlaw.com
        dpayne@fabianlaw.com

*Attorneys for Defendant Western United
Life Assurance Company*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>TRI-VALLEY DISTRIBUTING, INC.,<br>COOK OIL COMPANY, INC., and<br>SNOBIRD OIL COMPANY, INC.,<br><br>Debtors. | Bankruptcy No. 01-36562 (JAB)<br>(Substantively Consolidated)<br><br>Chapter 11<br><br>Honorable Judith A. Boulden |
| D. RAY STRONG, as EXAMINER for<br>TRI-VALLEY DISTRIBUTING, INC.<br>REORGANIZED DEBTORS; and<br>THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN UNITED LIFE ASSURANCE<br>COMPANY,<br><br>Defendant. | Adversary Proceeding No. 04-02453 JAB<br><br>**CERTIFICATE OF SERVICE**<br><br>[Filed Electronically] |

I hereby certify that on February 9, 2010 the *Subpoena in an Adversary Proceeding*

pertaining to Gary W. Quincy was served via personal service as evidenced by the Return of

Service attached hereto as Exhibit "A".

DATED:  February 17, 2010.

> **JONES, WALDO, HOLBROOK &
> McDONOUGH, P.C.**
>
> By: /s/  Troy J. Aramburu
>       Troy J. Aramburu
>       *Attorneys for Defendant*

# EXHIBIT A

# AFFIDAVIT OF SERVICE

| State of UTAH | County of SALT LAKE | U.S. Bankruptcy Court |
|---|---|---|

Case Number: 01-36562   Court Date: 2/15/2010   12:00 pm

Plaintiff:
**D. RAY STRONG**

vs.

Defendant:
**WESTERN UNITED LIFE ASSURANCE COMPANY**

For:
Troy J. Aramburu
JONES, WALDO, HOLBROOK & MCDONOUGH
P.O. Box 45444
Salt Lake City, UT  84145

Received by ANDERSON INVESTIGATIONS, INC. on the 28th day of January, 2010 at 5:20 pm to be served on **GARY W. QUINCY, 7123 S. ANGELSEA DR., WEST JORDAN, UT 84084.**

I, George R. Leonard, being duly sworn, depose and say that on the **9th day of February, 2010** at **7:45 pm, I:**

**Substitute Served** by leaving a true copy of this **SUBPOENA DUCES TECUM, LETTER,** with the date and hour of service endorsed thereon by me with JANE E. QUINCY as **SPOUSE** and informing said person of the contents therein.

**Military Status:** Based upon inquiry of party served, defendant is not in the military service of the United States.

**Additional Information pertaining to this Service:**
Attempted Service:  2/2 7:45 PM MVD. SURRELLS HERE SINCE OCT 09.  WELLS FOR 6 PRIOR YRS. ATTY ADV.
Service Made:  2/9 7:45 PM WIFE JANE E. QUINCY SVD @ 7123 ANGELSEA DR. W. JORDAN 84084. NEW ADD 7123 ANGELSEA DR. W. JORDAN 84084.

I am over the age of 21 and have no interest in the above action.



SHEILA H. ANDERSON
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 01/01/2013
Commission # 577036

Subscribed and Sworn to before me on the 12th day of February, 2010 by the affiant who is personally known to me.

_Sheila Anderson_
NOTARY PUBLIC

_George R. Leonard_
**George R. Leonard**
Private Investigator  A101989

**ANDERSON INVESTIGATIONS, INC.**
**230 West 200 South**
**Suite 2302**
**Salt Lake City, UT  84101**
**(801) 619-1110**
Our Job Serial Number: 2010000537

Service Fee: $116.00

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3r

Jeffrey Weston Shields (2948)
Jerome Romero (5139)
Troy J. Aramburu (10444)
**JONES WALDO HOLBROOK & McDONOUGH**
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone: (801) 521-3200
Facsimile:  (801) 328-0537
Email: jshields@joneswaldo.com
    jromero@joneswaldo.com
    taramburu@joneswaldo.com

*Attorneys for Defendant Western United*
*Life Assurance Company*

Peter W. Billings (0330)
Douglas J. Payne (4113)
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
Telephone: (801) 531-8900
Facsimile:  (801) 596-2814
Email: pbillings@fabianlaw.com
    dpayne@fabianlaw.com

Server _____
Title _____Process Server_____
Date __3/9/10___ Time __7:45 PM__
P/S X _____
    Jane E. Quincy

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>TRI-VALLEY DISTRIBUTING, INC.,<br>COOK OIL COMPANY, INC., and<br>SNOBIRD OIL COMPANY, INC.,<br><br>    Debtors.<br>_____<br><br>D. RAY STRONG, as EXAMINER for<br>TRI-VALLEY DISTRIBUTING, INC.<br>REORGANIZED DEBTORS; and<br>THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS,<br><br>    Plaintiffs,<br><br>vs.<br><br>WESTERN UNITED LIFE ASSURANCE<br>COMPANY,<br><br>    Defendant. | Bankruptcy No. 01-36562 (JAB)<br>(Substantively Consolidated)<br><br>Chapter 11<br><br>Honorable Judith A. Boulden<br><br><br>Adv. Pro. No. 04-02453 JAB<br><br><br><br>**SUBPOENA IN AN ADVERSARY<br>PROCEEDING** |

TO:   **Gary W. Quincy**
      **6873 Red Elm Circle**
      **West Jordan, Utah 84081**

918137.1

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above proceeding.

| PLACE | COURTROOM |
| --- | --- |
| **Not Applicable** | **Not Applicable** |
| | DATE AND TIME |
| | **Not Applicable** |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding which deposition shall be taken before a certified court reporter authorized to administer oaths.

| PLACE | DATE AND TIME |
| --- | --- |
| **The offices of Jones Waldo Holbrook & McDonough located at 170 South Main Street, Suite 1500, Salt Lake City, Utah 84101** | **February 19, 2010 at 9:30 a.m.** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

**Documents listed on Exhibit "A" attached hereto**

| PLACE | DATE AND TIME |
| --- | --- |
| **The offices of Jones Waldo Holbrook & McDonough located at 170 South Main Street, Suite 1500, Salt Lake City, Utah 84101** | **February 15, 2010 by noon** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |
| **Not Applicable** | **Not Applicable** |

Any subpoenaed organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed .R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
| --- | --- |
| Jerome Romero  Attorney for Defendant Western United Life Assurance Company | **January 28, 2010** |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Jerome Romero
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801) 521-3200

## PROOF OF SERVICE

| | DATE | PLACE |
| --- | --- | --- |
| **SERVED** | | |

SERVED ON (PRINT NAME)

918137.1

| | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                              DATE                                                SIGNATURE OF SERVER


                                                                       _____
                                                                                     ADDRESS OF SERVER


                                                                       _____

918137.1

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), & (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT "A"

## INSTRUCTIONS

1.      In order to comply fully with this Subpoena, you should produce all responsive documents that are in your possession, custody, or control as they are kept in the ordinary and usual course of business.  To the extent that requested documents are stored, located, or found in a particular container or receptacle, including a folder, binder, notebook, redwell, filing cabinet, or any such other container or receptacle, a copy shall be made of the cover of the pertinent folder, binder, notebook, redwell or filing cabinet label or of such other container or receptacle to indicate where the document was stored, kept, or located.

2.      You should resolve any perceived ambiguity in favor of the most complete disclosure, and you should describe what you feel is ambiguous and why, responding in the alternative where possible.

3.      Production is requested of documents in full, without abbreviation or redaction. A copy of both sides of the requested documents shall be produced, unless the reverse side of the document is completely blank.  Any electronically stored data shall be produced both on disk and in printed form.  If copies of the documents are produced, the copies must be identical to the original.  For example, if a document contains multiple stapled, clipped, or otherwise collated pages, then the copy shall contain each attached page and be similarly collated.  All documents shall be duplicated and attached to the copy in the exact manner and location as such items are appended to the original document.

4.      If objection is made to disclosing the substance of any document or communication on the basis of any claim of privilege, you are requested to specify in writing the nature of such documents or communication, along with the privilege claimed.  Where applicable, you should state the following:

- 5 -

918137.1

(a)   the title of the document;

(b)   the nature of the document (*e.g.*, interoffice memorandum,

correspondence, report, etc.);

(c)   the author(s) or sender(s) or parties to the communication;

(d)   the addressee(s);

(e)   the date of the document or the communication;

(f)   the name of each person to whom the original or a copy was shown or

circulated;

(g)   the names appearing on any circulation list related to the document;

(h)   the basis on which the privilege is claimed; and

(i)   a summary statement of the subject matter of the document or the

communication in sufficient detail to permit the Court to rule on the propriety of the objection.

5.   In the event that any requested document has been lost or destroyed, that

document should be identified by indicating the date, subject matter, number of pages,

originator, and all persons to whom it was distributed. The date of loss or destruction, manner of

loss or destruction, reasons for destruction, person(s) authorizing destruction, person(s) losing or

destroying the document, and custodian(s) of the document at the time of loss or destruction shall

also be identified.

6.   **Please contact Troy J. Aramburu of Jones Waldo Holbrook & McDonough,**

**P.C. at (801) 521-3200 to arrange for payment of the reasonable costs of producing and**

**copying the documents, or if you have questions or need clarification concerning the**

**documents requested in this Subpoena.**

## DEFINITIONS

1.   **"Quincy"**, **"you"**, or **"your"** refers to Gary W. Quincy.

2.   **"Seven C"** refers to Seven C Enterprises, Inc.

3.   **"Speedy Turtle"** refers to Speedy Turtle Petroleum, Inc.

4.   **"Hansen"** refers to Theodore L. Hansen.

- 6 -

918137.1

5.      "**Metro Mortgage**" refers to Metropolitan Mortgage & Securities Co., Inc.

6.      "**WULA**" refers to Western United Life Assurance Company.

7.      "**Tri-Valley**" refers to any or all of the above-captioned debtors in these consolidated bankruptcy cases.

8.      The word "**document**" shall be read in its most expansive sense and includes, but is not limited to, writings, records, drafts, notes, notices, memoranda, diaries, journals, letters, correspondence, e-mails and other electronic media, agreements, summaries, exhibits, demands, drawings, graphs, charts, photographs, phonorecords, data files (whether stored on a desktop computer, laptop computer, personal digital assistant (PDA), network drive, server, mainframe, internet service provider, internet data storage site, web page, CD Rom, floppy disk, Zip Disk, backup tape, replaced or removed hard-drive, external hard-drive, Jaz disk, or otherwise), digital telephony, and other data compilations from which information can be obtained (whether existing in print or electronic format, and whether stored in digital or analog format), and is equal in scope to the usage of this term in the Federal Rules of Civil Procedure.

9.      The words "**relate**," "**related**," "**relating to**," "**related to**," and "**regarding**" as used herein shall mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

918137.1

## DOCUMENTS TO BE PRODUCED

1.    All accounting records or other documents in your possession or under your control for any of the following entities:  Tri-Valley or Seven C, relating to the period of January 1, 2001 through December 31, 2004.

2.    All documents in your possession or under your control relating to any transactions, including transfers of real or personal property, involving any of the following entities, during the period of January 1, 2002 through December 31, 2004: Metro Mortgage, WULA, Tri-Valley, Seven C, Speedy Turtle, and/or Hansen.

3.    All balance sheets, financial statements, income statements, profit and loss statements, cash flow statements, QuickBooks records, and other accounting records, which are in your possession or under your control, for Seven C for the period of January 1, 2001 through December 31, 2004.

4.    All organizational and other corporate documentation, including without limitation, articles of incorporation, articles of organization, operating agreements, by-laws, minutes, and the like, in your possession or under your control, related to Seven C or Speedy Turtle.

918137.1